UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>85 FLATBUSH RHO MEZZ LLC, *et al.*,[1]<br>                      Debtors. | Chapter 11<br><br>Case No. 20-23280 (SHL)<br><br>Jointly Administered |
| 85 FLATBUSH MEZZ LLC,<br>                      Plaintiff,<br>v.<br><br>TH HOLDCO LLC, as assignee of 85 Flatbush Avenue 1 LLC in its capacity as prepetition mortgage lender to debtors 85 Flatbush RHO Hotel LLC and 85 Flatbush RHO Residential LLC,<br>                      Defendant. | Adv. Proc. No. 22-07022 (SHL) |

### PLAINTIFF 85 FLATBUSH MEZZ LLC'S OPPOSITION TO TH HOLDCO LLC'S MOTION FOR JUDGMENT ON THE PLEADINGS

Plaintiff 85 Flatbush Mezz LLC ("Mezzanine Lender") hereby opposes the Motion for Judgment on the Pleadings (Dkt. No. 14) (the "Motion") filed by Defendant TH Holdco LLC ("TH Holdco") and respectfully states as follows:

### PRELIMINARY STATEMENT

As set forth in the Mezzanine Lender's well-pled Complaint (Dkt. No. 1) (the "Complaint"),[2] the allegations of which must be taken as true in resolving TH Holdco's pleading-stage Motion, Mezzanine Lender and Original Senior Lender were parties to that certain Intercreditor Agreement, dated September 19, 2019 (the "ICA"). (*See* Complaint, at ¶ 1, Ex. A.) Original Senior Lender breached the ICA on numerous occasions by failing to provide Mezzanine Lender with a "Purchase Option Notice" upon the occurrence of several events of default, notwithstanding the express terms of Section 11(a) of the ICA requiring Original Senior Lender to

---

[1] The debtors in these chapter 11 cases are 85 Flatbush RHO Mezz LLC, 85 Flatbush RHO Hotel LLC, and 85 Flatbush RHO Residential LLC (the "Debtors").

[2] Capitalized terms not defined herein have the meaning ascribed to them in the Complaint.

do so.  (*See* Complaint, at ¶ 3, 6, 10.)  Thereafter, TH Holdco purchase the Original Senior Lender's Senior Loan and took the Senior Loan subject to the terms of the ICA.  (*See id.* at ¶ 10.)  Mezzanine Lender filed this action pursuant to Section 31 of the ICA, which provides that a breach of the ICA shall entitle the non-breaching party to seek injunctive and declaratory relief and also specific performance of the ICA (precisely what Mezzanine Lender seeks here).  (*See id.* at ¶ 44, Ex. A (§ 31).)

In response, TH Holdco effectively takes the position that Mezzanine Lender has no remedy at all.  TH Holdco argues first that this Court lacks subject matter jurisdiction over this action between two creditors of the Debtors.  In support of its position, TH Holdco asks this Court to enforce Section 9(d) of the ICA, which provides Mezzanine Lender will not take certain actions, but to do so, the Court would also have to turn a blind eye to Section 31 of the ICA governing breaches of the ICA and well-settled New York law that a breaching party is not entitled to enforce contractual terms against its counterparty.  Indeed, nothing in Section 9(d) remotely suggests that Mezzanine Lender is unable to take any actions whatsoever to protect its rights should the ICA have been breached (and such a notion is absurd on its face).

Next, TH Holdco argues that this Court lacks "related to" jurisdiction to hear this action, but TH Holdco's position blatantly ignores the direct connection between resolution of this action, on the one hand, and TH Holdco's status (or non-status, to be accurate) as a secured creditor of the Debtors, TH Holdco's questionable standing as a plan proponent, the impact on the standing and priorities of the Debtors' creditors, and the impact on the handling and administration of the Debtors' estates, on the other hand.  TH Holdco's final argument regarding this Court's subject matter jurisdiction is that such jurisdiction vanished upon plan confirmation, but that position is

2

foreclosed by black letter law that subject matter jurisdiction is determined as of the time the action is commenced.

TH Holdco's last argument is that the Court should abstain from resolving this action. That position is expressly at odds with TH Holdco's adamant arguments in the Debtors' bankruptcy cases—incorrect as they are—that this action must be resolved expeditiously because any delay pending resolution of this action will have detrimental effects on TH Holdco and third parties. Although this Court has discretion to abstain from hearing this action in favor of another forum, the best approach is for this Court to resolve this action as quickly as possible, particularly given its important relationship to the Debtors' bankruptcy cases.

## LEGAL STANDARD

The standard for addressing a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is the same as the standard for a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and also for a motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). In each instance, the Court must assume that all factual allegations in the subject complaint are true and also must draw all reasonable inferences in the light most favorable to the plaintiff. *See Lynch v. City of N.Y.*, 952 F.3d 67, 75 (2d Cir. 2020); *Brown v. Netflix, Inc.*, 855 Fed. App'x 61, 62 (2d Cir. 2021) (summary order). Here' the Complaint sufficient alleges a dispute over which this Court has subject matter jurisdiction.

3

# ARGUMENT

I. **This Court Has Jurisdiction Over Mezzanine Lender's Dispute With TH Holdco.**

　　A. **Section 9(d) of the ICA is not enforceable as a "no action" clause in light of the previous breaches of the ICA by TH Holdco's predecessor.**

It is true that Section 9(d) *previously* curtailed Mezzanine Lender's rights and ability to challenge certain actions by the Original Senior Lender in a bankruptcy proceeding. But, it is well established under New York law that "when a party to a contract materially breaches that contract, it cannot then enforce that contract against a non-breaching party." *Nadeau v. Equity Residential Properties Mgmt. Corp.*, 251 F. Supp. 3d 637, 641 (S.D.N.Y. 2017) (citing *In re Lavigne*, 114 F.3d 379, 387 (2d Cir. 1997)); *Marisa Christina, Inc. v. Freis*, 646 F. Supp. 252, 254 (S.D.N.Y. 1986) (party cannot insist upon enforcement of contract following such party's breach); *Merrill Lynch & Co. Inc. v. Allegheny Energy, Inc.*, 500 F.3d 171, 186 (2d Cir. 2007) (same). TH Holdco does not address in its Motion the foregoing controlling legal principle because it dooms TH Holdco's position. Similarly, none of the authorities upon which TH Holdco relies address, let alone contravene, New York law on this topic. (*See* Motion, at ¶¶ 16-21.)[3] In short, no matter how many times TH Holdco repeats in this action or in the Debtors' main bankruptcy cases that Mezzanine Lender was obligated to do something under the ICA, that repetition does not nullify New York law and empower TH Holdco to ignore the existing breach of the ICA for its own benefit.

Furthermore, to the extent TH Holdco intends to argue that Original Senior Lender's breaches were not material, at least two important points defeat any such argument. First, depriving

---

[3] *See also In re Am. Rds. LLC*, 496 B.R. 727 (Bankr. S.D.N.Y. 2013) (no prior breach by party attempting to enforce contract); *In re Innkeepers USA Trust*, 448 B.R. 131 (Bankr. S.D.N.Y. 2011) (same); *Ion Media Networks, Inc. v. Cyrus Select Opportunities Master Fund, Ltd. (In re Ion Media Networks, Inc.)*, 419 B.R. 585 (Bankr. S.D.N.Y. 2009) (same); *Mizuho Corporate Bank, Ltd. v. Enron Corp. (In re Enron Corp.)*, 302 B.R. 463 (Bankr. S.D.N.Y. 2003) (same); *ZBD Constructors, Inc. v. Billings Generation, Inc.*, No. 09-6667, 2011 U.S. Dist. LEXIS 40433 (S.D.N.Y. 2011) (same); *Akanthos Capital Mgmt., LLC v. CompuCredit Holdings Corp.*, 677 F.3d 1286 (11th Cir. 2012) (same).

a party of the right to exercise a purchase option is a *material* breach. *See, e.g.*, *In re Riodizio, Inc.*, 204 B.R. 417, 423 (Bankr. S.D.N.Y. 1997) (failure to keep purchase option open constitutes material breach of option agreement) (citing *Scholle v. Cuban-Venezuelan Oil Voting Trust*, 285 F.2d 318, 320 (2d Cir. 1960); *Special Situations Fund III, L.P. v. Versus Tech., Inc.*, 642 N.Y.S.2d 894, 895 (1st Dep't 1996). Second, even ignoring the preceding principle and authorities, whether a breach is material is a question of fact. *See, e.g.*, *Manhattan Life Ins. Co. v. Prussian Life Ins. Co.*, 296 F. 39, 42 (2d Cir. 1924); *Teachers Ins. and Annuity Ass'n of Am. v. Coaxial Commc'ns of Cent. Ohio, Inc.*, 807 F. Supp. 1155, 1160 (S.D.N.Y. 1992) (materiality is question for jury).[4] As detailed in the Complaint, Original Senior Lender materially breached the ICA by failing to provide the Mezzanine Lender with required notices of Purchase Option Events and an opportunity to purchase the Senior Loan on three separate occasions—on July 16, 2020, August 20, 2020, and December 18, 2020. (*See* Complaint, at ¶ 10.) Accepting such allegations as true, as the Court must, the Court cannot conclude at this stage that Original Senior Lender's breaches were not material or, consequently, that TH Holdco is entitled to enforce the terms of the ICA that purportedly favor it.

Finally on this topic, no-action clauses are "strictly construed." *Teachers Ins. and Annuity Ass'n of Am. v. CRIIMI MAE Servs. Ltd. P'ship*, 481 Fed. App'x 686, 687 (2d Cir. 2012). Here, nowhere in the express terms of Section 9(d) is Mezzanine Lender prohibited from filing an action based on Original Senior Lender's breaches. In particular, none of the specific provisions in Section 9(d) reference Mezzanine Lender's enforcement of its rights pursuant to Sections 11(a) an 31 of the ICA. In fact, those provisions primarily prohibit Mezzanine Lender from instituting an action against the Debtors, and none of the language prohibits Mezzanine Lender from commencing

---

[4] An exception to this rule exists in cases in which no genuine dispute of material facts is present. According to TH Holdco, however, material facts remain in genuine dispute here, a position that necessarily precludes TH Holdco from arguing materiality or immateriality at this stage.

an action against Original Senior Lender (or its predecessor) on account of breaches of the ICA. That subject is reserved for and set forth in Section 31 of the ICA, a section that TH Holdco's arguments effectively ask the Court to delete altogether from the ICA. Obviously, such a result is inconsistent with principals of contractual interpretation. Accordingly, the no-action clause does not apply in any event. *See, e.g.*, LCM XXII Ltd. v. Serta Simmons Bedding, LLC, No. , 2022 U.S. Dist. LEXIS 57976, at *43-44 (S.D.N.Y. March 29, 2022) (claims at issue not within express terms of no-action clause).[5]

      B.    **The Court can and should exercise "related to" jurisdiction over this action.**

TH Holdco is correct that bankruptcy courts have "jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11" and also that courts draw a distinction between the former two categories (understood as "core" jurisdiction) and the latter one (understood as "non-core" or "related to" jurisdiction). (*See* Motion, at 22 (citations omitted).) Where the parties' positions diverge is the fact that this action involves claims that, at a minimum, are "related to" the Debtors' bankruptcy cases.

"The Supreme Court has instructed lower federal courts to construe the jurisdictional grants in Sections 1334 and 157 broadly, recognizing that 'Congress intended to grant comprehensive jurisdiction to the bankruptcy courts so that they might deal efficiently and expeditiously with all matters connected with the bankruptcy estate.'" *Dunaway v. Purdue Pharm. L.P. (In re Purdue Pharm. L.P.)*, 619 B.R. 38, 48 (S.D.N.Y. 2020) (quoting *Celotex Corp. v. Edwards*, 514 U.S. 300, 308 (1995)). As explained, this action involves a dispute between two parties regarding a purchase option, with the prevailing party to be entitled to assert a secured claim against the Debtors' estates

---

[5] At the Court's recent hearing on Mezzanine Lender's motion for a stay pending appeal or pending resolution of this action, TH Holdco's counsel remarked that she intended to utilize the Court's comments as "law of the case" with respect to Section 9(d) of the ICA. As the Court will recall, the Court clarified that no such ruling has been made, such that any argument regarding preclusive effect of the Court's comments would be inappropriate.

and, as TH Holdco has done, propose a plan of liquidation of collateral based on that party's right to credit bid. Thus, the outcome of this action quite plainly will impact the handling and administration of the Debtors' cases and estates and alter the priority of creditors in the bankruptcy process.

These types of effects confer at least "related to" jurisdiction upon this Court. *See, e.g.*, *CoreStates Bank, N.A. v. Huls Am., Inc.*, 176 F.3d 187, 204 (3d Cir. 1999) (dispute between creditors regarding subordination agreement has sufficient impact on bankruptcy cases to qualify for "related to" jurisdiction); *see also Resolution Trust Company v. Best Products Company (In re Best Products Company)*, 68 F.3d 26, 31-33 (2d Cir. 1995) (dispute over enforcement of contractual subordination agreement between creditors fell within bankruptcy court's "core" jurisdiction because resolution of intercreditor dispute would impact administration of estate). No requirement exists "that an action must both directly affect the estate *and* be derivative of the debtor's rights and liabilities for bankruptcy jurisdiction over the action to exist." *In re Quigley Co., Inc.*, 676 F.3d 45, 57 (2d Cir. 2012).

Here, it is plain to see the impact that resolution of this dispute between Mezzanine Lender and TH Holdco will have on the Debtors' bankruptcy cases and administration of their estates. This action will impact, at a minimum, the priority and distributions among creditors, whether TH Holdco is a creditor of the Debtors and able to credit bid at a sale of the Debtors' real property, and the propriety and confirmability of TH Holdco's liquidation plan. In fact, TH Holdco's liquidation plan expressly classifies the claims of TH Holdco and Mezzanine Lender pursuant to the terms of the ICA and seeks to enforce the ICA against Mezzanine Lender, (*see* Second Amended Chapter 11 Plan filed by Creditor TH Holdco LLC (Dkt. No. 211), at §§ 4.3, 4.11, 8.1, 8.2, 8.3, 8.4), such that

any argument that a dispute regarding the ICA does not impact plan confirmation or implementation necessarily fails.

TH Holdco does not legitimately dispute the foregoing, but instead argues that the effects are too remote to support "related to" jurisdiction. (*See* Motion, at ¶¶ 25-28.) However, TH Holdco's position is based on its own assumptions and innuendo regarding Mezzanine Lender's willingness and ability to exercise its purchase option right under the ICA once specific performance is ordered. To be clear, TH Holdco's supposed necessary steps between Mezzanine Lender's success and an impact on the administration of Debtors' bankruptcy estates fail for a couple reasons. As TH Holdco concedes, allegations in the Complaint must be accepted as true at this stage, and TH Holdco's stated chain of events departs from the Complaint. TH Holdco's argument also appears to be based on one or more of its alleged affirmative defenses, but TH Holdco fails to cite any authority for the proposition that a defendant may defeat subject matter jurisdiction by alleging a particular affirmative defense.

As such, the Court should exercise "related to" jurisdiction over this action.

### C.  TH Holdco's argument regarding "shrinking" subject matter jurisdiction fails as a matter of black letter law.

TH Holdco's final argument regarding jurisdiction is that the Court's jurisdiction "shrinks" upon plan confirmation. It is certainly accurate to say that the Court's jurisdiction before plan confirmation is broader and more expansive that such jurisdiction after plan confirmation, but it is quite another to suggest that this Court has jurisdiction over a pending action and then loses such jurisdiction upon the date an order is entered confirming a plan. The authorities cited by TH Holdco all address the former, not the latter. Mezzanine Lender agrees that if this action were filed after confirmation of TH Holdco's plan, the jurisdictional inquiry and ultimate conclusion may have been different. But, it is a matter of bedrock federal law that subject matter jurisdiction is analyzed

8

and determined as of the date an action is commenced. *See, e.g.*, *Keene Corp. v. U.S.*, 508 U.S. 200, 207 (1993) (jurisdiction determined at time action is commenced); *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Madoff)*, 597 B.R. 466, 481-483 (Bankr. S.D.N.Y. 2019) (time of filing rather than time of trial determines existence of bankruptcy court's jurisdiction; conceivability for "related to" jurisdiction determined at time lawsuit is filed); *Nuveen Mun. Tr. V. WithumSmith Brown, P.C.*, 692 F.3d 283, 294 (3d Cir. 2012) (citations omitted) (same). Subject matter jurisdiction is not implicated by an intervening change in circumstances after an action has commenced. Thus, whether this Court's jurisdiction in a post-confirmation context would have encompassed this action is irrelevant.

Additionally, TH Holdco's argument falls flat because the its liquidation plan, confirmed by the Court, expressly provides that this Court shall retain jurisdiction over, among other things, the determination of "any motion, adversary proceeding, application, contested matter, or other litigated matter pending on or commenced after the Confirmation Date." (*See* Second Amended Chapter 11 Plan filed by Creditor TH Holdco LLC (Dkt. No. 211), at § 12(b).) Thus, any argument that this Court was divested of jurisdiction is contrary to the express terms of TH Holdco's confirmed plan, which, if adopted, creates a host of other issues.

## II.    The Court Should Reject TH Holdco's Request That The Court Abstain From Adjudicating The Parties' Disputes.

This Court does have discretion to abstain from hearing this action, (*see* Motion, at ¶ 33), but the Court should reject TH Holdco's request for permissive abstention and proceed to resolve this adversary proceeding as expeditiously as possible. As explained above, resolution of this action stands to have a profound impact on the Debtors' bankruptcy cases, priority and adjustment of creditor relationships, administration of the Debtors' estates, and quite likely any implementation

9

of TH Holdco's liquidation plan. Although TH Holdco wants to ignore the foregoing, the Court should view the relevant factors regarding permissive abstention through such lens:

- **Effect on Efficient Administration of Estate**. Abstention will have a significant impact on the efficient administration of the estate, most notably because it will require commencement of an action in another forum untethered to events in the Debtors' bankruptcy cases. The delay incumbent with commencing a new action promises to create difficulties in resolving the Debtors' bankruptcy cases, particularly if Mezzanine Lender is obligated to and successful in obtaining a further stay of the Court's order confirming TH Holdco's plan.

- **State Law Issues Predominate.** State-law issues predominate in this action, as the outcome turns on principles of contract and remedies under New York law. However, this Court is well equipped to decide such issues and, in fact, may well be more familiar with intercreditor agreements between secured parties than a state court.

- **Difficulty or Unsettled Nature of Applicable State Law.** The state law to be applied in this action is straightforward and well settled, and no complicated or unsettled principles of law are anticipated.

- **Related Proceeding in Non-Bankruptcy Court.** No related proceeding exists in another forum.

- **Degree of Relatedness or Remoteness to Main Bankruptcy Case.** This action promises to have implications regarding the identity of the senior secured lender in the Debtors' bankruptcy cases and, if resolved in Mezzanine Lender's favor, will impact TH Holdco's status as a plan proponent entitled to confirm a plan and credit bid at an auction sale of the Debtors' only substantial asset. In other words, this dispute among the secured lenders is closely related to administration of the main bankruptcy case.

- **Burden on the Court's Docket.** Mezzanine Lender is mindful of this Court's recent inheritance of these bankruptcy cases and this action upon Judge Drain's retirement, and Mezzanine Lender will not presume to know the Court's docket and schedule. However, given the relative simplicity of the issues in this action, Mezzanine Lender is confident the Court can adjudicate the parties' dispute without disruption to the Court's other business.

Ticking through the various relevant factors, permissive abstention is unwarranted here. TH Holdco's arguments in favor of abstention are based on the false premise that TH Holdco has already won this adversary proceeding. The Court can and should adjudicate this action.

10

## CONCLUSION

For the foregoing reasons, TH Holdco's Motion must be denied. This Court can and should exercise subject matter jurisdiction over this action and reject TH Holdco's argument that the Court permissively abstain (and only insert further delay from which TH Holdco will assert yet another mootness argument).

Dated: August 3, 2022
      San Francisco, California

SEYFARTH SHAW LLP

By: /s/ *M. Ryan Pinkston*
    M. Ryan Pinkston (*pro hac vice*)
    SEYFARTH SHAW LLP
    560 Mission Street, Suite 3100
    San Francisco, California 94105
    Telephone: (415) 544-1013
    Facsimile: (415) 397-8549
    Email: rpinkston@seyfarth.com

    Jerry A. Montag
    SEYFARTH SHAW LLP
    620 8th Avenue
    New York, NY 10018
    Telephone: (212) 218-4646
    Facsimile: (917) 344-1339
    Email: jmontag@seyfarth.com

    Kevin J. Nash
    GOLDBERG WEPRIN FINKEL
    GOLDSTEIN LLP
    1501 Broadway, 22nd Floor
    New York, New York 10036
    Telephone : (212) 221-5700
    Facsimile: (212) 221-6532
    Email: kjnash@gwulaw.com

*Attorneys for 85 Flatbush Mezz LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on August 3, 2022, I caused a true and correct copy of the foregoing **Plaintiff 85 Flatbush Mezz LLC's Opposition to TH Holdco LLC's Motion for Judgment on the Pleadings** to be served via the Bankruptcy Court's CM/ECF system on all parties registered to receive electronic notice in this case.

                                                    /s/ *M. Ryan Pinkston*
                                                      M. Ryan Pinkston

85631017v.1